USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/29/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE DRYWALL TAPERS AND
POINTERS LOCAL UNION NO. 1974 BENEFIT
FUNDS and THE DISTRICT COUNCIL NO. 9,
DRYWALL TAPERS AND PAINTERS OF GREATER
NEW YORK LOCAL UNION 1974, AFFILIATED WITH
INTERNATIONAL UNION OF PAINTERS AND
ALLIED TRADES, AFL-CIO,

                Plaintiffs,

              -against-

GREENBUILD LLC,

                Defendant.

1:25-cv-03018-MKV

**DEFAULT JUDGMENT**

MARY KAY VYSKOCIL, United States District Judge:

Pursuant to Orders entered on December 19, 2025, December 22, 2025 and January 26, 2026, [ECF Nos. 31, 33, 35], on January 29, 2026, the Court held a telephonic hearing on Plaintiffs' motion for a default judgment against Defendant Greenbuild LLC.  [ECF No. 24].  Defendant failed to appear at that hearing, although Plaintiffs had served Defendant with its motion for default judgment and supporting papers and the Court's Orders scheduling a hearing on the motion.

Based on the Court's careful review of Plaintiffs' motion and supporting papers, [ECF Nos. 24, 25, 26, 26-1, 26-2, 26-3, 26-4, 26-5, 28, 29], and for the reasons stated at the January 29, 2026 hearing, the Court finds that it has subject matter jurisdiction in this case brought under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 141, *et seq.* (the "LMRA") and that Plaintiffs have alleged a prima facie case that Defendant is liable to Plaintiffs for breach of the terms of the Trade Agreement (as defined in the moving papers), in that Defendant failed to permit and cooperate in the conduct of an audit of all of its books and records and has failed to make payments due and owing under the Trade

Agreement. Accordingly, the Court GRANTS Plaintiffs' motion for default judgment against Defendant Greenbuild LLC.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment be entered for Plaintiffs finding Defendant in breach of the Trade Agreement and directing that Defendant permit and cooperate in the conduct of an audit of all of its books and records including, but not limited to, all payroll journals, business income tax returns, general ledger and journal, books of original entry, subsidiary ledgers, payroll records, bank statements, and cancelled checks, W-2 and W-3 forms, 940, 941, WT4-A and WT4-B forms, 1099 forms, New York State employment report, insurance reports, disability insurance reports, Workers Compensation report forms and remittance reports for the period of April 1, 2020 through September 30, 2024.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs have judgment against Defendant in the liquidated amount of $4,130.00, representing attorneys' fees in the sum of $3,600.00, court costs and disbursements in connection with this action in the sum of $530.00.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs are entitled to prejudgment interest pursuant to 29 U.S.C. § 1132(g)(2)(B).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs may amend this judgment to include the additional amounts determined by the aforesaid audit to be due and owing, together with the prejudgment interest, liquidated damages, auditors' fees, attorneys' fees and costs upon fifteen (15) days written notice to Defendant.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Judgment rendered by the Court on this day in favor of the Plaintiffs be entered as a final judgment against Defendant and the Clerk of the Court is directed to enter such judgment forthwith.

The Clerk of Court is respectfully requested to terminate docket entry 24 and close the case.

**SO ORDERED.**

**Date:  January 29, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**